UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.25-19 (JRT/ECW)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

REGINAE CALHOUN

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Reginae Calhoun, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(3), and Count 2 of the Indictment, which charges the defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). The defendant fully understands the nature and elements of the crimes with which she has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1



2.   **Factual Basis**. The defendant is pleading guilty because she is in fact guilty of Counts 1 and 2 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about June 3, 2024, in the State and District of Minnesota, the defendant knowingly, and without lawful authority, possessed a means of identification of another person, during and in relation to the crime of access device fraud. On or about the same date, in the State and District of Minnesota, the defendant also knowingly, and with the intent to defraud, possessed 15 or more unauthorized access devices.

More specifically, at some time prior to June 3, 2024, the defendant created a user account on the dark web marketplace, Brian's Club, which specializes in selling stolen credit card information. Between April 7, 2024, and June 3, 2024, the defendant used that account to purchase stolen credit card information—including the name, address, card number, expiration date, and CV2 code—of at least 101 victims. The defendant stored the stolen credit card information she purchased from Brian's Club on her phone and shared it with her co-defendant Ezekiel Brown (Brown).

The defendant and Brown used the stolen credit card information to book hotel rooms and rental cars for others, who paid the defendant and Brown for the hotel rooms and rental cars at a discounted rate via electronic payment platforms, such as

CashApp. The defendant and Brown also used the stolen credit card information for their own personal expenditures, including airplane flights and meals.

The defendant further admits that the stolen credit card information constitutes both a means of identification of other persons and access devices, as those terms are defined in 18 U.S.C. §§ 1028(d)(7) & 1029(e)(1), respectively, all of which the defendant was not authorized to possess or use, but which she possessed, used, and intended to use for fraudulent purposes.

3.  **Waiver of Pretrial Motions.** The defendant understands and agrees that she has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, she is withdrawing any motions previously filed.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will

be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with her attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging Access Device Fraud in violation of 18 U.S.C. § 1029(a)(3) is a felony offense that carries the following statutory penalties:

    a.     a maximum of 10 years in prison;

    b.     a maximum supervised release term of 3 years;

    c.     a maximum fine of $250,000;

    d.    restitution to victims as agreed to by the parties in this agreement; and

    e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

The defendant further understands that Count 2 of the Indictment, charging Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), is a felony that carries the following statutory penalties:

    a.    a mandatory sentence of 2 years in prison, consecutive to the term of imprisonment imposed for Count 1;

    b.    a maximum supervised release term of 1 year;

    c.    a maximum fine of $250,000;

    d.    restitution to victims as agreed to by the parties in this agreement; and

    e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.    **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level for Count 1 of the Indictment is 6. U.S.S.G. § 2B1.1(a)(2).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 2 levels because the offense involved 10 or more victims. U.S.S.G. § 2B1.1(b)(2)(A). The parties agree that no other specific offense characteristics apply.

5

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether this reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

            Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

    e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category II. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    <u>Guidelines Range</u>. If the adjusted offense level is 6, and the criminal history category is II, the Sentencing Guidelines range for Count 1 is **1-7 months of imprisonment**. The Sentencing Guideline range for Count 2 is a mandatory sentence of **24 months of imprisonment**, consecutive to the guidelines

6

    sentence for Count 1. U.S.S.G § 2B1.6. The combined Guidelines range for Counts 1 and 2 is therefore **25-31 months of imprisonment.**

  g. <u>Fine Range</u>. If the adjusted offense level is 6, the Sentencing Guidelines fine range is $1,000 to $9,500. U.S.S.G. § 5E1.2(c).

  h. <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 1 to 3 years. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw

7

from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663A applies and that the Court is required to order the defendant to make restitution to the victims of her crimes. The defendant agrees that she owes restitution and agrees to pay restitution in an amount to be determined prior to sentencing, but not less than $2,436.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant.

The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of her guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation; and, pursuant to 18 U.S.C. § 1028(b), any personal property used or intended to be used to commit the offense.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 31 months' imprisonment.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 25 months' imprisonment.

16.   **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.   **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant

acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with her decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA D. KIRKPATRICK
Acting United States Attorney

Date: 5.19.25

BY: *[signature]*
Matthew Murphy
Assistant United States Attorney

Date: 5-19-25

*[signature]*
Reginae Calhoun
Defendant

Date: 5-19-25

*[signature]*
Jean M. Brandl
Counsel for Defendant

11